IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 05-710-WDS |
| | ) |
| RIVERWAY COMPANY d/b/a | ) |
| RIVERWAY BARGE LINE, and | ) |
| DOE COMPANY, | ) |
| | ) |
| Defendants. | |

**O R D E R**

**STIEHL, District Judge:**

Before the Court is plaintiff's motion to remand, to which defendant Riverway Company ("Riverway") has filed a response.

This cause of action arises out of an incident whereby, in the course of "the duties of a crewmember aboard [defendant's] vessel," plaintiff was hit and injured by a cable which came loose on the deck of the vessel. The complaint alleges a Jones Act claim, see, 46 U.S.C. § 688, against defendant Riverway Company and an unknown defendant, Doe Company (Counts I and III) and negligence (Counts II and IV). Plaintiff filed his complaint in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, and Riverway timely removed the action based upon diversity, or in the alternative, federal question jurisdiction.

In support of his motion to remand, plaintiff's sole argument is that removal is not proper because a Jones Act claim filed in state court may not be removed to federal court.[1] In response, Riverway asserts that plaintiff's Jones Act claim is fraudulently pleaded, and should not be

---

[1] Plaintiff does not claim that this Court lacks diversity jurisdiction.

considered for removal purposes.

As a general rule, Jones Act cases are not removable. *Burchett v. Cargill, Inc.*, 48 F.3d 173, 175 (5th Cir. 1995). However, "in certain circumstances 'defendants may pierce the pleadings to show that the Jones Act claim has been fraudulently pleaded to prevent removal.'" *Id.* (*citing Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir.1993)).

> The burden of persuasion on a removing party in such a case, however, is a heavy one: The removing party must show that there is no possibility that plaintiff would be able to establish a cause of action. While we have cautioned against pretrying a case to determine removal jurisdiction, we have recognized the district court's authority to use a summary judgment-like procedure for disposing of fraudulent pleading claims. Accordingly, in determining whether a plaintiff's claims are baseless, the district court must resolve all disputed questions of fact and any ambiguities in the current controlling substantive law in favor of the plaintiff.

*Id.* at 176 (internal cites omitted).

Here, Riverway contends that plaintiff's Jones Act claim must fail because a Jones Act claim is only viable against a plaintiff's employer, and Riverway Company (or the unknown company) was not plaintiff's employer. Plaintiff does not contest or submit case law to refute the authority cited by Riverway stating that a Jones Act claim may only be brought against a plaintiff's employer, see, e.g., *Perkins v. Union Barge Line Corp.*, 373 F.2d 714, 715 (6th Cir. 1967) ("The Jones Act is an employer liability act and employee rights thereunder do not extend to suits against a third party who is not the employer."), nor does plaintiff suggest that he was employed by Riverway under the "loaned servant" doctrine alluded to in *Perkins*. Riverway has presented unrebutted evidence that at the time of the incident, plaintiff was employed by American Milling, LLP, which owned and operated the grain elevator where the Riverway barge was being loaded. (See, Doc. 11, Ex. A). In fact, plaintiff submitted a workers' compensation

claim for his injuries arising out of the incident, and identified American Milling, LLP, as his employer on that claim form. (See, Doc. 11, Ex. B). Plaintiff does not allege that he was employed by any entity other than American Milling, LLP. His only allegation with respect to his relationship to the vessel is that he "boarded Defendant's vessel... and was a crewmember on Defendant's vessel ..." on the date in question.

Based upon the foregoing, the Court finds that plaintiff's Jones Act claim is baseless, and that removal was proper.[2] Accordingly, the Court **DENIES** plaintiff's motion to remand and **DISMISSES** Counts I and III of the complaint.

**IT IS SO ORDERED.**

**DATED:** December 5, 2005.

s/ WILLIAM D. STIEHL
DISTRICT JUDGE

---

[2] In light of the Court's finding, it is unnecessary to address Riverway's remaining argument in opposition to the motion to remand.